MANNY (McCORMICK v.). See Case No. 8,724.

MANRO (BALDERSTON v.). See Case No. 793.

MANSANITO, The (SMITH v.). See Case No. 13,075.

———

# Case No. 9,048.

## In re MANSFIELD et al.

[6 Ben. 284.][1]

District Court, E. D. New York. Dec., 1872.

BANKRUPTCY—COUNSEL FEES — SERVICES BEFORE ADJUDICATION.

1. A petition in involuntary bankruptcy was filed against a firm, an injunction preventing them from parting with any of their property was issued, and a warrant of arrest under the 40th section of the act [of 1867 (14 Stat. 536)] was issued against one of the firm. The bankrupts employed attorneys, who applied for a discharge of the arrest, and attended on a reference to ascertain the facts, which resulted in the discharge of the warrant. An adjudication being had, the attorneys prepared the schedule and inventory required by the 41st section. Thereafter they applied by petition to be paid for such services out of the estate. Held, that, under the circumstances, a moderate compensation for such services would be allowed them.

2. The proper practice, in such a case, is for the bankrupts to apply to the court in the first instance for leave to employ counsel.

In bankruptcy.

BENEDICT, District Judge. The petitioners in this case pray for an allowance out of the bankrupt's estate of the amount of a bill

———

[2] [From 3 West. Jur. 329.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

for professional services rendered under the following circumstances: An involuntary petition was filed in this court to have John Mansfield and Nathan K. Mansfield declared bankrupts, and their property administered under the bankrupt act. At the same time an injunction was issued, preventing the bankrupts from parting with any of their property, and also a warrant of arrest under section 40, against Nathan K. Mansfield. These being served, the bankrupts employed the petitioners as attorneys at law, who applied to the court for a discharge of the warrant of arrest, and attended at a reference which was ordered to ascertain the facts, and resulted in the discharge of the warrant after the bankrupt had submitted to an examination touching his property. The petitioners, also, upon the adjudication of bankruptcy being made, prepared the schedule of creditors and inventory of the estate, which is required by section 41, and for these services the attorneys now ask to be paid out of the bankrupts' estate. I incline to the opinion that services performed in preparing the schedules and inventory required by section 41 may be considered as having been rendered for the benefit of the estate, in a case like the present, where the employment of counsel was unquestionably necessary. As to the services made necessary by reason of the arrest of the bankrupt, I think they can also be compensated out of the fund in such a case as this is stated to be. The court was entitled to be aided by counsel on the part of the bankrupt in the examination as to the foundation for the warrant of arrest and its continuance, and the amount of bail to be required. The injunction having deprived the bankrupt of the means to employ counsel, such services may, without injustice, be considered a part of the bankrupt proceedings. They were made necessary by the action of the creditors, and could only be obtained by a resort to the fund. It would have been more proper for the bankrupt to have applied to the court in the first instance for leave to employ counsel, and such previous application should be insisted on, as a general rule. Here it may be dispensed with, the mode of proceeding being unsettled and no question made as to the propriety and necessity of the services in question. But I must require that it be made to appear that the bankrupt is now without means, and that there is no reason to doubt that he has surrendered all his property to the assignee. It must also be shown that the efforts of the counsel were not directed towards obtaining delay or hindering the bankruptcy proceedings. This being made to appear, I shall feel inclined to allow a moderate compensation for services rendered in preparing the schedules and inventory, and those made necessary by reason of the warrant of arrest.

If not desired otherwise by the assignee, in order to save expense, the facts may be made to appear by affidavits, and the extent and value of the services shown in the same way; but if asked for by the assignee, a reference will be ordered to take proof of the facts.